FILED
COPY

IN THE CIRCUIT COURT OF THE 20
JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CASE NO.:   11 – CA – 002204

Judge: McHugh, Michael T

BRIAN WILLIAMS,

     Plaintiff,

vs.

TGI FRIDAYS, INC.,

     Defendant.

_____/.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN WILLIAMS (hereinafter "WILLIAMS"), sues Defendant TGI

FRIDAYS, INC., and alleges that:

1.     WILLIAMS was a loyal and hard working employee before the Defendant

refused his requests for reasonable accommodations, refused to promote him, and retaliated

against him by terminating him in violation of his state and federally protected rights.

WILLIAMS suffers from Type I diabetes. Defendant made numerous negative and offensive

comments about WILLIAMS's medical condition. Defendant further negatively affected the

terms and conditions of WILLIAMS employment on the basis of his disability, ultimately

terminating his employment. Defendant's actions give rise to claims for unlawful discrimination

in the terms and conditions of employment.

## JURISDICTION AND VENUE

2.     This action involves a matter in controversy exceeding $15,000.00, exclusive of

interest, costs, and attorneys' fees.

1

3.      Plaintiff WILLIAMS is and was at all times relevant a resident of Lee County.

4.      Defendant TGI FRIDAYS, INC., has its principal address in Carrollton, Texas, and at all times material conducted business in Lee County, Florida.

5.      WILLIAMS has performed all conditions precedent necessary to the maintenance of this action or such conditions have been waived, including the timely filing of a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), Florida Commission on Human Relations (FCHR) and Lee County Office of Equal Opportunity (LCOEO).

### GENERAL ALLEGATIONS

6.      WILLIAMS is a Type I, insulin-dependent, brittle diabetic.

7.      WILLIAMS was employed with the Defendant at one or more TGI Fridays locations in Lee County, Florida beginning on or about April 2004.

8.      WILLIAMS was initially hired as a server and continued working in that position until his termination in or about April 2009.

9.      Throughout WILLIAMS' employment, he requested various reasonable accommodations, including but not limited to, checking his blood sugar levels and wearing his insulin pump.

10.     Throughout WILLIAMS' employment, despite having knowledge of WILLIAMS' diabetic condition, Defendant reprimanded WILLIAMS for giving himself insulin injections at work and otherwise over WILLIAMS' objections told him that he was not permitted to do so at work.

11.     Defendant further told WILLIAMS that his insulin pump could not be visible to patrons of the restaurant despite the fact that its normal and intended location on WILLIAMS body made it openly visible.

2

12.   Defendant further would not allow WILLIAMS to check his blood sugar levels at work and instructed him to shut his insulin pump off.

13.   Defendant further accused WILLIAMS of not being on control of his diabetes and allowing his diabetes to interfere with his ability to perform the essential functions of his job.

14.   WILLIAMS complained about these actions to his Regional Manager, Kathleen Jones ("Jones"), but was told by Jones that he would be terminated if he didn't drop the subject.

15.   WILLIAMS repeatedly sought a promotion into the position of bartender. Defendant refused to promote him and instead promoted or hired other non-disabled, female employees into the position of bartender.

16.   Defendant terminated WILLAIMS' employment in or about May 2009.

17.   WILLIAMS was damaged by Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, the American's with Disabilities Act, and the Florida Civil Rights Act. Defendant's actions did interfere with the terms and conditions of WILLIAMS' employment. As a result, WILLIAMS has suffered emotional pain, suffering, inconvenience, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of employment wages and benefits, future pecuniary losses and damage to his reputation.

18.   WILLIAMS filed an administrative charge of discrimination with the Equal EEOC, FCHR and LCOEO alleging disability and gender discrimination. The EEOC issued its Notice of Right to Sue, attached as Exhibit "A."

19.   WILLIMAS has retained an attorney to prosecute this matter and is obligated to pay his attorney a fee for services rendered.

**COUNT I**
**[Failure to Accommodate-ADA]**

20.   WILLIAMS incorporates paragraphs 1 through 19, as though fully alleged herein.

3

21.     This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his federal rights under the ADA, as amended, to include the remedies in 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a.

22.     Defendant is an employer and a covered entity under the ADA subject to its provisions.

23.     WILLIAMS is an employee under the ADA.

24.     WILLIAMS is a qualified individual with a disability as defined in 42 U.S.C. 12111 in that he suffers from diabetes as heretofore described.

25.     At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

26.     WILLIAMS could perform the essential functions of his position without reasonable accommodations, or with reasonable accommodations including, but not limited to, wearing his insulin pump, checking his blood sugar levels and administering insulin injections.

27.     Defendant wrongfully denied WILLIAMS' requests for reasonable accommodations.

28.     WILLIAMS is protected against discrimination under the ADA.

29.     Defendant's discrimination against WILLIAMS was willful.

30.     WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

31.     WILLIAMS has retained the undersigned attorney to represent him and is obligated to pay his attorney a fee for services rendered.

        WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

4.

a. Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

d. Award WILLIAMS all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes; and

e. Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT II
### [Disparate Treatment-ADA]

32. WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

33. This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his federal rights under the ADA, to include the remedies in 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a.

34. Defendant is an employer and a covered entity under the ADA subject to its provisions.

35. WILLIAMS is an employee under the ADA.

36. WILLIAMS is a qualified individual with a disability as defined in 42 U.S.C. 12111 in that he suffers from diabetes as heretofore described.

37. At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

38. Defendant's actions, including but not limited to refusing to allow WILLIAMS to administer insulin injections, not allowing him to wear his insulin pump as intended, telling him

5

to shut his insulin pump off, not allowing him to monitor his blood sugar levels, accusing WILLIAMS of not properly controlling his diabetes, and terminating his employment constitute discrimination within the meaning of the ADA.

39.     WILLIAMS' disability was a substantial or motivating factor in the Defendant's decisions regarding WILLIAMS' employment.

40.     WILLIAMS is protected against discrimination under the ADA.

41.     Defendant's discrimination against WILLIAMS was willful.

42.     WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.     Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the ADA;

b.     Issue an order prohibiting further discrimination;

c.     Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

d.     Award WILLIAMS all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes; and

e.     Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT III
### [Failure to Promote-ADA]

43.     WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

6

44.   This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his federal rights under the ADA, to include the remedies in 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a.

45.   Defendant is an employer and a covered entity under the ADA subject to its provisions.

46.   WILLIAMS is an employee under the ADA.

47.   WILLIAMS is a qualified individual with a disability as defined in 42 U.S.C. 12111 in that he suffers from diabetes as heretofore described.

48.   At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

49.   Despite WILLIAMS' qualifications for the position of bartender, Defendant refused to promote him and instead promoted non-disabled individuals to that position.

50.   WILLIAMS' disability was a substantial or motivating factor in the Defendant's decisions regarding WILLIAMS' employment.

51.   WILLIAMS is protected against discrimination under the ADA.

52.   Defendant's discrimination against WILLIAMS was willful.

53.   WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.   Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the ADA;

b.   Issue an order prohibiting further discrimination;

7

c.      Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

d.      Award WILLIAMS all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes; and

e.      Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT IV
### [Retaliation-ADA]

54.     WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

55.     This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his federal rights under the ADA, to include the remedies in 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a.

56.     Defendant is an employer and a covered entity under the ADA subject to its provisions.

57.     WILLIAMS is an employee under the ADA.

58.     WILLIAMS is a qualified individual with a disability as defined in 42 U.S.C. 12111 in that he suffers from diabetes as heretofore described.

59.     At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

60.     WILLIAMS complained about Defendant's actions, including but not limited to refusing to allow WILLIAMS to administer insulin injections, not allowing him to wear his insulin pump as intended, telling him to shut his insulin pump off, not allowing him to monitor his blood sugar levels, and accusing WILLIAMS of not properly controlling his diabetes.

8

61.     Defendant's desire to retaliate against WILLIAMS was a substantial factor in the decision made by Defendant, its agents and/or employees, while acting in the course and scope of their employment, to terminate WILLIAMS' employment.

62.     WILLIAMS is protected against retaliation under the ADA.

63.     Defendant's retaliation against WILLIAMS was willful.

64.     WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE,** WILLIAMS demands trial by jury, and requests this Court to:

a.     Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the ADA;

b.     Issue an order prohibiting further discrimination;

c.     Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in 42 U.S.C. 2000e-5 and 42 U.S.C. 1981a;

d.     Award WILLIAMS all compensatory and punitive damages provided for in 42 U.S.C. 1981a and applicable statutes; and

e.     Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT V
### [Failure to Accommodate-FCRA]

65.     WILLIAMS incorporates paragraphs 1 through 19, as though fully alleged herein.

66.     This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the FCRA, to include the remedies in §760.01, *et seq.*, Florida Statutes.

9

67. Defendant is an employer and a covered entity under the FCRA subject to its provisions.

68. WILLIAMS is an employee under the FCRA.

69. WILLIAMS is a qualified individual with a handicap as defined in the FCRA in that he suffers from diabetes as heretofore described.

70. At all times material WILLIAMS suffered from a handicap, Defendant had a record of his handicap, and the Defendant regarded WILLIAMS as suffering from a handicap.

71. WILLIAMS could perform the essential functions of his position without reasonable accommodations, or with reasonable accommodations including, but not limited to, wearing his insulin pump, checking his blood sugar levels and administering insulin injections.

72. Defendant wrongfully denied WILLIAMS' requests for reasonable accommodations.

73. WILLIAMS is protected against discrimination under the FCRA.

74. Defendant's discrimination against WILLIAMS was willful.

75. WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the FCRA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in §760.01, *et seq.*, Florida Statutes;

10

d.     Award WILLIAMS all compensatory and punitive damages provided for in §760.01, *et seq.*, Florida Statutes and applicable statutes; and

e.     Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT VI
### [Disparate Treatment-FCRA]

76.    WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

77.    This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the FCRA, to include the remedies in §760.01, *et seq.*, Florida Statutes.

78.    Defendant is an employer and a covered entity under the FCRA subject to its provisions.

79.    WILLIAMS is an employee under the FCRA.

80.    WILLIAMS is a qualified individual with a handicap as defined in the FCRA in that he suffers from diabetes as heretofore described.

81.    At all times material WILLIAMS suffered from a handicap, Defendant had a record of his handicap, and the Defendant regarded WILLIAMS as suffering from a handicap.

82.    Defendant's actions, including but not limited to refusing to allow WILLIAMS to administer insulin injections, not allowing him to wear his insulin pump as intended, telling him to shut his insulin pump off, not allowing him to monitor his blood sugar levels, accusing WILLIAMS of not properly controlling his diabetes, and terminating his employment, constitute discrimination within the meaning of the ADA.

83.    WILLIAMS' handicap was a substantial or motivating factor in the Defendant's decisions regarding WILLIAMS' employment.

84.    WILLIAMS is protected against discrimination under the FCRA.

85.    Defendant's discrimination against WILLIAMS was willful.

86.    WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.    Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the FCRA;

b.    Issue an order prohibiting further discrimination;

c.    Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in §760.01, *et seq.*, Florida Statutes;

d.    Award WILLIAMS all compensatory and punitive damages provided for in §760.01, *et seq.*, Florida Statutes and applicable statutes; and

e.    Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT VII
### [Failure to Promote-FCRA]

87.    WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

88.    This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the FCRA, to include the remedies in §760.01, *et seq.*, Florida Statutes.

12

89.     Defendant is an employer and a covered entity under the FCRA subject to its provisions.

90.     WILLIAMS is an employee under the FCRA.

91.     WILLIAMS is a qualified individual with a handicap as defined in the FCRA in that he suffers from diabetes as heretofore described.

92.     At all times material WILLIAMS suffered from a handicap, Defendant had a record of his handicap, and the Defendant regarded WILLIAMS as suffering from a handicap.

93.     Despite WILLIAMS' qualifications for the position of bartender, Defendant refused to promote him and instead promoted non-disabled individuals to that position.

94.     WILLIAMS' handicap was a substantial or motivating factor in the Defendant's decisions regarding WILLIAMS' employment.

95.     WILLIAMS is protected against discrimination under the ADA.

96.     Defendant's discrimination against WILLIAMS was willful.

97.     WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.     Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the FCRA

b.     Issue an order prohibiting further discrimination;

c.     Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in §760.01, *et seq.*, Florida Statutes;

d.     Award WILLIAMS all compensatory and punitive damages provided for in §760.01, *et seq.*, Florida Statutes and applicable statutes; and

13

⟨... ⟩e.  Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

### COUNT VIII
[Retaliation-FCRA]

98.   WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

99.   This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the FCRA, to include the remedies in §760.01, *et seq.*, Florida Statutes.

100.   Defendant is an employer and a covered entity under the FCRA subject to its provisions.

101.   WILLIAMS is an employee under the FCRA.

102.   WILLIAMS is a qualified individual with a handicap as defined in the FCRA in that he suffers from diabetes as heretofore described.

103.   At all times material WILLIAMS suffered from a handicap, Defendant had a record of his handicap, and the Defendant regarded WILLIAMS as suffering from a handicap.

104.   WILLIAMS complained about Defendant's actions, including but not limited to refusing to allow WILLIAMS to administer insulin injections, not allowing him to wear his insulin pump as intended, telling him to shut his insulin pump off, not allowing him to monitor his blood sugar levels, and accusing WILLIAMS of not properly controlling his diabetes.

105.   Defendant's desire to retaliate against WILLIAMS was a substantial factor in the decision made by Defendant, its agents and/or employees, while acting in the course and scope of their employment; to terminate WILLIAMS' employment.

106.   WILLIAMS is protected against retaliation under the FCRA.

14

107.   Defendant's retaliation against WILLIAMS was willful.

108.   WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.   Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the FCRA;

b.   Issue an order prohibiting further discrimination;

c.   Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in §760.01, et seq., Florida Statutes;

d.   Award WILLIAMS all compensatory and punitive damages provided for in §760.01, et seq., Florida Statutes and applicable statutes; and

e.   Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

**COUNT IX**
**[Failure to Accommodate-L.C.O. 00-18]**

109.   WILLIAMS incorporates paragraphs 1 through 19, as though fully alleged herein.

110.   This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the Lee County Ordinance 00-18.

111.   Defendant is an employer and a covered entity under Lee County Ordinance 00-18 subject to its provisions.

112.   WILLIAMS is an employee under Lee County Ordinance 00-18.

113.   WILLIAMS is a qualified individual with a disability as defined in Lee County Ordinance 00-18 in that he suffers from diabetes as heretofore described.

15

114.    At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

115.    WILLIAMS could perform the essential functions of his position without reasonable accommodations, or with reasonable accommodations including, but not limited to, wearing his insulin pump, checking his blood sugar levels and administering insulin injections.

116.    Defendant wrongfully denied WILLIAMS' requests for reasonable accommodations.

117.    WILLIAMS is protected against discrimination under Lee County Ordinance 00-18.

118.    Defendant's discrimination against WILLIAMS was willful.

119.    WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.    Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the Lee County Ordinance 00-18.

b.    Issue an order prohibiting further discrimination;

c.    Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in Lee County Ordinance 00-18;

d.    Award WILLIAMS all compensatory and punitive damages provided for in Lee County Ordinance 00-18 and applicable statutes; and

e.    Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

16

## COUNT X
[Disparate Treatment- L.C.O. 00-18]

120.   WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

121.   This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the Lee County Ordinance 00-18.

122.   Defendant is an employer and a covered entity under Lee County Ordinance 00-18subject to its provisions.

123.   WILLIAMS is an employee under Lee County Ordinance 00-18.

124.   WILLIAMS is a qualified individual with a disability as defined in Lee County Ordinance 00-18 in that he suffers from diabetes as heretofore described.

125.   At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

126.   Defendant's actions, including but not limited to refusing to allow WILLIAMS to administer insulin injections, not allowing him to wear his insulin pump as intended, telling him to shut his insulin pump off, not allowing him to monitor his blood sugar levels, accusing WILLIAMS of not properly controlling his diabetes, and terminating his employment, constitute discrimination within the meaning of Lee County Ordinance 00-18.

127.   WILLIAMS' disability was a substantial or motivating factor in the Defendant's decisions regarding WILLIAMS' employment.

128.   WILLIAMS is protected against discrimination under Lee County Ordinance 00-18.

129.   Defendant's discrimination against WILLIAMS was willful.

17

130.    WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.    Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the Lee County Ordinance 00-18.

b.    Issue an order prohibiting further discrimination;

c.    Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in Lee County Ordinance 00-18;

d.    Award WILLIAMS all compensatory and punitive damages provided for in Lee County Ordinance 00-18 and applicable statutes; and

e.    Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT XI
### [Failure to Promote- L.C.O. 00-18]

131.    WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

132.    This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the Lee County Ordinance 00-18.

133.    Defendant is an employer and a covered entity under Lee County Ordinance 00-18 subject to its provisions.

134.    WILLIAMS is an employee under Lee County Ordinance 00-18.

18

135.   WILLIAMS is a qualified individual with a disability as defined in Lee County Ordinance 00-18 in that he suffers from diabetes as heretofore described.

136.   At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

137.   Despite WILLIAMS' qualifications for the position of bartender, Defendant refused to promote him and instead promoted non-disabled individuals to that position.

138.   WILLIAMS' disability was a substantial or motivating factor in the Defendant's decisions regarding WILLIAMS' employment.

139.   WILLIAMS is protected against discrimination under the ADA.

140.   Defendant's discrimination against WILLIAMS was willful.

141.   WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.   Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the Lee County Ordinance 00-18.

b.   Issue an order prohibiting further discrimination;

c.   Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in Lee County Ordinance 00-18;

d.   Award WILLIAMS all compensatory and punitive damages provided for in Lee County Ordinance 00-18 and applicable statutes; and

e.   Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper:

## COUNT XII
### [Retaliation- L.C.O. 00-18]

142.   WILLIAMS realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint as though fully set forth herein.

143.   This is an action to recover all damages, interest, equitable relief and attorneys' fees and costs on behalf of WILLIAMS for violations of his state rights under the Lee County Ordinance 00-18.

144.   Defendant is an employer and a covered entity under Lee County Ordinance 00-18subject to its provisions.

145.   WILLIAMS is an employee under Lee County Ordinance 00-18.

146.   WILLIAMS is a qualified individual with a disability as defined in Lee County Ordinance 00-18 in that he suffers from diabetes as heretofore described.

147.   At all times material WILLIAMS suffered from a disability, Defendant had a record of his disability, and the Defendant regarded WILLIAMS as suffering from a disability.

148.   WILLIAMS complained about Defendant's actions, including but not limited to refusing to allow WILLIAMS to administer insulin injections, not allowing him to wear his insulin pump as intended, telling him to shut his insulin pump off, not allowing him to monitor his blood sugar levels, and accusing WILLIAMS of not properly controlling his diabetes.

149.   Defendant's desire to retaliate against WILLIAMS was a substantial factor in the decision made by Defendant, its agents and/or employees, while acting in the course and scope of their employment, to terminate WILLIAMS' employment.

150.   WILLIAMS is protected against retaliation under Lee County Ordinance 00-18.

151.   Defendant's retaliation against WILLIAMS was willful.

20

152.   WILLIAMS has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, WILLIAMS demands trial by jury, and requests this Court to:

a.   Declare that Defendant has unlawfully discriminated against WILLIAMS in violation of the Lee County Ordinance 00-18.

b.   Issue an order prohibiting further discrimination;

c.   Order equitable relief including but not limited to back pay, reinstating WILLIAMS with all promotions and seniority rights to which he is entitled or award front pay in lieu of reinstatement, and all other equitable relief provided in Lee County Ordinance 00-18;

d.   Award WILLIAMS all compensatory and punitive damages provided for in Lee County Ordinance 00-18 and applicable statutes; and

e.   Award WILLIAMS his costs, attorneys' fees and such other and further relief as the Court deems proper.

21

<u>Demand for Jury Trial</u>

Plaintiff BRIAM WILLIAMS demands trial by jury as to all issues and Counts.

PHILLIPS LAW FIRM
Attorneys for Plaintiff
350 5th Avenue South, Suite 200
Naples, Florida 34102
239/262-7748
239/262-7144 (Fax)

DARRIN M. PHILLIPS, Esquire
Florida Bar No.  62332

22